Jackson, C. J.
1. Where suit was brought on account of machinery furnished for mill purposes, in which two persons were interested, it was immaterial that one of them ordered the machinery, where it appeared that it was not delivered until theother importuned the vendors to hasten the delivery, as he and the other vendee were suffering for it and would be compelled to get it elsewhere unless the delivery was soon made, and wrote letters to them to that effect, and where the trade was not consummated until delivery, and that was not to be made until a certain payment was made, which was made by the last named defendant. Under such facts a verdict against both defendants was demanded by the evidence; and where a verdict was found in favor of the defendant who did not originally give the order for the machinery, it was unsupported by the evidence.
2. During the term when a case was tried, a motion for new trial was made and an order passed allowing until a day named in vacation to complete and file a brief.of-¿.Ke evidence. On that day,-.counsel being unable to agree upon the brief, and :tíre pre^ding: judge being sick, the *440 entire matter was continued by order until the next day. On the next day, the hearing began and occupied a portion of three days, being continued from day to day by order. On the second day, the judge ap proved the brief and ordered it filed. It was filed on the next day, being the last day of the hearing :
M. T. Hodge; J. H. Lumpkin, for plaintiffs.
J. H. Martin, for defendants.
Held, that a motion to dismiss the motion for a new trial, on the ground that an approved brief of the evidence had not been filed in proper time, was properly overruled. 69 Ga., 765, 760, 748: Thomas vs. Dockins;Page vs. Blackshear, (last term.) 1 Georgia Law Reporter, p. 7.
Judgment reversed on main case and affirmed on cross bill of exceptions.